IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Musa Banshee Mansa Yusef,        )<br>                                                          )<br>                                                          )<br>                     Plaintiff,         )<br>                                                          )<br>          v.                                           )<br>                                                          )<br> R.J. Reynolds Tobacco Company, Inc.,   )<br>Brown & Williamson Tobacco Corporation, )<br>Lorillard Tobacco Company,           )<br>                                                          )<br>                     Defendants.    )<br>_____ ) | Civil Action No. 3:22-cv-02669-RMG<br><br><br>**ORDER AND OPINION** |

    This matter is before the Court upon the Report and Recommendation ("R &R") of the Magistrate Judge recommending the Court dismiss Plaintiff's case for failure to state a claim and for lack of prosecution. (Dkt. No. 26). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

**I.     Background**

    On August 12, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated the instant action against Defendants R.J. Reynolds Tobacco Company, Inc., Brown & Williamson Tobacco Corporation, and Lorillard Tobacco Company. (Dkt. No. 1). Plaintiff asserts claims for: (1) intentional fraud; (2) intentional fraudulent misrepresentation; (3) fraud in the inducement; (4) civil conspiracy to commit fraud; (5) negligent failure to warn; (6) negligence/gross negligence; and (7) radio, television, and wire communication fraud. Plaintiff alleges he was born July 20, 1949, and began smoking tobacco at age sixteen. (*Id.* at 9). Plaintiff alleges Defendants made false representations as to the health affects of smoking tobacco.

    The Magistrate Judge issued orders advising Plaintiff the complaint was not in proper order and instructed Plaintiff to provide documents to bring the case into proper form order. (Dkt. Nos.

1

6;13;19). On December 8, 2022, the Magistrate Judge entered an additional order that granted Plaintiff the opportunity to correct the defects identified in his complaint and further warned Plaintiff that if he failed to timely file an amended complaint or cure the deficiencies, the case could be subject to dismissal with prejudice and without leave to amend. (Dkt. No. 23). Plaintiff did not file an amended complaint. On January 4, 2023, the Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's case for failure to state a claim upon which relief may be granted and for failure to prosecute. (Dkt. No. 26). To date, Plaintiff has not filed an amended complaint or any objections to the R & R. The matter is ripe for the Court's review.

**II.    Standard**

    A.    ***Pro Se*** **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

    B.    **Magistrate Judge**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district

court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983).

**III.    Discussion**

Upon a review of the R & R, the Court finds the Magistrate Judge correctly determined that Plaintiff's case is subject to dismissal for failure prosecute. Plaintiff failed to comply with a court order. Rule 41(b), FED. R. CIV. P. The Magistrate Judge issued an Order that was mailed to Plaintiff explaining that Plaintiff was required to correct the deficiencies identified in the complaint and further warned Plaintiff that if he failed to timely file an amended complaint or failed to cure the identified deficiencies, the complaint would be subject to dismissal with prejudice and without leave for further amendment. (Dkt. No. 23). The deadline for Plaintiff to file an amended complaint has passed. To date, Plaintiff has failed to file an amended complaint. As Plaintiff has failed to comply with the Court's order regarding amendment, the action is subject to dismissal with prejudice for failure to prosecute.

In addition, the Magistrate Judge carefully reviewed all the claims asserted in the complaint and determined that Plaintiff's claims each fail to state a claim upon which relief may be granted. (Dkt. No. 26 at 5-17). The Court finds that the Magistrate Judge ably analyzed the sufficiency of the pleadings in this matter and correctly concluded that the claims are insufficient to state a claim and are subject to summary dismissal without leave to amend. *Britt v. DeJoy*, 45 F.4th 790, 792,

796 (4th Cir. 2022) ("when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

## IV. Conclusion

For the reasons stated above, the Court adopts the R & R (Dkt. No. 26) as the Order of the Court and Plaintiff's case is **DISMISSED WITH PREJUDICE**.  **AND IT IS SO ORDERED**.

                                        s/ Richard M. Gergel
                                        Richard M. Gergel
                                        United States District Judge

January 2, 2023
Charleston, South Carolina